UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESSE BRAZELL,<br><br>　　　　　　　　　　Plaintiff,<br><br>v.<br><br>CLIFF J. UDDENBERG, Commander, United States Navy Commandant, Naval Brig Miramar,<br><br>　　　　　　　　　　Defendant. | Case No.: 19-CV-01084 JLS (MSB)<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>(ECF No. 1) |

Presently before the Court is Petitioner Jesse Brazell's ("Petitioner") Petition for a Writ of Habeas Corpus ("Pet.," ECF No. 1). Also before the Court is the Government's ("Respondent") Answer and Return to the Petition, or in the alternative, Motion for Summary Judgment ("Answer," ECF No. 12), and Petitioner's Traverse ("Resp.," ECF No. 13). The Court decides the matter on the papers submitted and without oral argument pursuant to Civil Local Rule 7.1(d)(1). Having carefully considered the Parties' arguments and the relevant law, the Court **DENIES** the Petition for Writ of Habeas Corpus.

## BACKGROUND

Petitioner is a former active duty member of the United States Air Force. Answer at 1. In May 2017, a U.S. general court-martial tried Petitioner for offenses allegedly

committed in Okinawa, Japan. *Id.* The court-martial convicted Petitioner of two specifications of sexual assault of a child and one specification of sexual abuse of a child in violation of Article 120b, Uniform Code of Military Justice ("UCMJ"), 10 U.S.C. § 920b. *Id.* M.L., the 12-year-old alleged victim, was a temporary guest of her father, J.L., at his off-base residence in Okinawa, Japan at the time of the alleged assaults. J.L. was in Japan working as a civilian government contractor for Lockheed Martin. *Id.* M.L. is not a Japanese citizen. Pet. at 3.

The court-martial sentenced Petitioner to confinement for seven years, total forfeiture of pay and allowances, and reduction to pay grade E-1. *See id.* at 2. Following the submission of the matter in the military post-trial process, the convening authority approved the sentence as adjudged. *See* Answer at 2. On June 29, 2018, Petitioner filed his assignments of error before the Air Force Court of Criminal Appeals ("AFCCA") for mandatory review under Article 66, UCMJ, 10 U.S.C. § 866(b). *See id.* at 2–3. Petitioner did not include the present jurisdictional claims on appeal, and the AFCCA denied Petitioner's motion to supplement his assignments of error to include the jurisdictional issues which Petitioner complains of in this Petition. *See id.* Petitioner applied to the AFCCA for relief through a writ of habeas corpus, and the AFCCA denied the petition on January 28, 2019. *See id.* On February 15, 2019, Petitioner filed a petition for writ-appeal of the AFCCA's decision, and the Court of Appeals for the Armed Forced ("CAAF") denied further review on March 11, 2019. *See id.*; *see generally Brazell v. Uddenberg*, No. MC 2018-08, 2019 WL 366306, at *1 (A.F. Ct. Crim. App. Jan. 28, 2019), *rev. den.*, No. 19-0231/AF, 2019 CAAF LEXIS 468 (C.A.A.F. 2019). Petitioner remains incarcerated at the Naval Consolidated Brig Miramar in San Diego, California. *See* Pet. at 1.

On June 10, 2019, Petitioner filed this instant Petition for Writ of Habeas Corpus asserting that the court-martial lacked subject matter jurisdiction because the U.S. Japan Status of Forces Agreement ("SOFA") assigned the primary right to exercise jurisdiction over Petitioner's offenses to Japan, and Japan did not waive its primary jurisdiction. *See generally* Pet. On September 11, 2019, Respondent filed an Answer and Return asserting

that the Petition should be dismissed or denied through summary judgment because the U.S. military courts had proper concurrent jurisdiction in this case. *See generally* Answer at 7. Further, Respondent contends that "Petitioner has no standing to object to 'violations' of the SOFA." *Id.* at 9. On September 23, 2019, Petitioner filed a Traverse to Respondent's Answer and Return asking the Court to grant summary judgment in favor of Petitioner. *See generally* Resp. Petitioner argues that Japan did not waive its right of first refusal and, therefore, the United States did not have subject-matter jurisdiction over Petitioner. *Id.*

## STANDARD OF REVIEW

Federal district courts have jurisdiction to review habeas corpus petitions challenging military convictions pursuant to 28 U.S.C. § 2241. *See Burns v. Wilson*, 346 U.S. 137, 139 (1953). While determinations made in military proceedings are final and binding on all courts, 10 U.S.C. § 876, the federal civil courts' jurisdiction over a petition for habeas corpus from a military prisoner is not displaced. *Schlesinger v. Councilman*, 420 U.S. 738, 744–45 (1975). A petitioner must exhaust all possible military remedies before seeking a writ of habeas corpus in federal courts. *See Noyd v. Bond*, 395 U.S. 683, 693–96 (1969); *see also Middendorf v. Henry*, 425 U.S. 25, 29 n.6 (1976) ("[T]he exhaustion requirement is designed to protect the military from undue interference by the federal courts.").

"The federal courts possess authority to consider and determine habeas corpus challenges to the jurisdiction of the military courts." *See Willenbring v. United States*, 559 F.3d 225, 231 (4th Cir. 2009). A federal court's review is normally limited to whether the court-martial gave the petitioner's claims full and fair consideration. *See Burns*, 346 U.S. at 142. However, in matters involving constitutional challenges, the Ninth Circuit has held that the court must conduct an independent review of the matter. *See Hatheway v. Secretary of Army*, 641 F.2d 1376, 1380 (9th Cir. 1981), *cert. denied*, 454 U.S. 864 (1981) ("The Burns plurality does not preclude civil court consideration of the constitutional [equal protection, due process, and First Amendment] defects."). Collateral relief from a judgment of a court-martial may be sought where the judgment is void or without res

judicata effect because of a "lack of jurisdiction or other equally fundamental defect." *Schlesigner*, 420 U.S. at 746–47, 753; *see Davis v. Marsh*, 876 F.2d 1446, 1448 (9th Cir. 1989) (stating that court-martial determinations are "collaterally reviewable for constitutional or jurisdictional error"); *Fricke v. Sec'y of Navy*, 509 F.3d 1287, 1290 (10th Cir. 2007) (stating that the federal court's "review of jurisdictional issues is independent of the military courts' consideration of such issues"); *Calley v. Callaway*, 519 F.2d 184, 203 (5th Cir. 1975) ("Military court-martial convictions are subject to collateral review by federal civil courts on petitions for writs of habeas corpus where it is asserted that the court-martial acted without jurisdiction, or that substantial constitutional rights have been violated."). Here, because Petitioner asserts that the court-martial lacked subject-matter jurisdiction, the Court will review Petitioner's claim de novo.

## DISCUSSION

Petitioner asserts that the court-martial lacked subject-matter jurisdiction as to the offenses of which it convicted Petitioner because Japan did not waive its primary jurisdiction pursuant to the U.S.–Japan SOFA. Petitioner argues that the offenses in question were not subject to court-martial jurisdiction because Japan did not waive its primary jurisdiction over the offenses, and Japan's jurisdiction is exclusive until the primary right is waived. *See* Pet. at 9.

The U.S.–Japan SOFA contains agreements between the United States and Japan regarding criminal jurisdiction over U.S. service members in Japan. *See* Agreement Under Article VI of the Treaty of Mutual Cooperation and Security: Facilities and Areas and the Status of United States Armed Forces in Japan, U.S.–Japan, Jan. 19, 1960, T.I.A.S. No. 4510, 11 U.S.T. 1652. The U.S.–Japan SOFA allocates exclusive and concurrent jurisdiction between Japan and the United States for offenses committed in Japan by U.S. service members. *Id.* Here, it is uncontested that neither the United States nor Japan had exclusive jurisdiction as referenced in SOFA at Article XVII ¶ 2 because both the United States and Japan criminalize the sexual abuse of minors, the crimes charged in this case. *See* Pet. at 6.

In matters of concurrent jurisdiction, one state is allocated "primary concurrent jurisdiction" while the other is afforded "secondary concurrent jurisdiction." Article XVII ¶ 3 of the SOFA provides that Japanese authorities have the primary right to exercise concurrent jurisdiction where the purported victim of the offense is the dependent of a contractor, as is the case here. *See* 1960, T.I.A.S. No. 4510, 11 U.S.T. 1652 at Article XVII ¶ 3.

Respondent contends that Petitioner "has no standing to object to 'violations' of the SOFA." Answer at 9. After careful examination, this Court agrees. Petitioner argues that even if Rules for Courts-Martial ("R.C.M.") 201(d)(3)[1] did limit Petitioner's standing in military courts to challenge the court-martial's jurisdiction, the rules for the court-martial have no bearing on an Article III court to adjudicate matters within its jurisdiction. *See* Resp. at 4. While Petitioner correctly argues that this Court is not governed by the rules outlined R.C.M. 20l(d)(3), Petitioner does not have standing for bringing forth a claim alleging violation of an international agreement like the SOFA. Federal courts have held that alleged violations of other SOFA treaties should be addressed diplomatically between two nations. *See Patterson v. Wagner*, 785 F.3d 1277, 1285 (9th Cir. 2015) ("The [U.S.–South Korea] SOFA's provisions thus establish a diplomatic conflict resolution scheme with no role for the judiciary."); *Matter of Burt*, 737 F.2d 1477, 1488 (7th Cir. 1984) ("[I]t is well settled that the recourse for such a treaty violation in these circumstances is diplomatic, not judicial."); *Holmes v. Laird*, 459 F.2d 1211, 1222 (D.C. Cir. 1972) ("[T]he rights [appellants] claim to the provisions of an international agreement the enforcement mechanism of which is diplomatic recourse only.").

Petitioner cannot challenge jurisdiction resting on the violation of the U.S.–Japan SOFA because a violation of the SOFA must be resolved diplomatically between the two

---

[1] R.C.M. 201(d)(3) states "[w]here an act or omission is subject to trial by court-martial and by one or more civil tribunals, foreign or domestic, the determination which nation, state, or agency will exercise jurisdiction is a matter for the nations, states, and agencies concerned, and is not a right of the suspect or accused."

nations. The U.S.–Japan SOFA explicitly states in Article XXV that "[a] Joint Committee shall be established as the means for consultation between the Government of the United States and the Government of Japan on all matters requiring mutual consultation regarding the implementation of this Agreement" and "[i]f the Joint Committee is unable to resolve any matter, it shall refer that matter to the respective Governments for further consideration through appropriate channels." 1960, T.I.A.S. No. 4510, 11 U.S.T. 1652 at Article XXV. This Joint Committee, consisting of representatives from United States and Japan, details that a conflict arising under the SOFA agreement should be resolved between the two nations. The Court determines that Petitioner has no standing to allege his conviction in a U.S. court-martial constituted a violation of the U.S.–Japan SOFA. Therefore, the Court declines to decide whether the United States was in violation of its obligations under SOFA by exercising its secondary jurisdiction prior to Japan's waiver.

Even if the Petitioner were to have standing, which is not the case, the Court agrees with Respondent that the court-martial would still have jurisdiction in this case because of Petitioner's active duty military status at the time of the offense. *See United States v. Choisnard*, No. ACM 36654, 2008 WL 2853036, at *4 (A.F. Ct. Crim. App. July 15, 2008) ("These authorities provide that [appellant] has no standing to object to 'violations' of the SOFA and even if he did, the court-martial still would have jurisdiction because of the appellant's active duty status."). Subject-matter jurisdiction is established by showing military status at the time of the offense. *See Solorio v. United States*, 483 U.S. 435, 439 (1987) ("In an unbroken line of decisions from 1866 to 1960, this Court interpreted the Constitution as conditioning the proper exercise of court-martial jurisdiction over an offense on one factor: the military status of the accused."). Because it is uncontested that Petitioner was on active duty status at the time of the offense, subject-matter jurisdiction in a U.S. military court was proper.

The Court therefore finds that Petitioner does not have standing to challenge the court-martial conviction because an alleged violation of the U.S.–Japan SOFA must be resolved diplomatically between the two nations. Additionally, Petitioner had active duty

military status at the time of the offenses, so the court-martial properly exercised jurisdiction over Petitioner.

## CONCLUSION

For the foregoing reasons, Petitioner's 28 U.S.C. § 2241 writ of habeas corpus petition is hereby **DENIED WITHOUT PREJUDICE**.  Petitioner is **ORDERED** to file an amended petition within <u>forty-five (45) days</u> of the date of service of this Order.  The amended petition will supersede the original petition and should be complete in and of itself.  Failure to file an amended petition will result in the dismissal of this case.

**IT IS SO ORDERED.**

Dated:  November 17, 2020

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge